# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SALIANO,<br><br>              Plaintiff,<br><br>     v.<br><br>UNKNOWN,<br><br>              Defendant. | Case No. CV 12-5830-MMM (JEM)<br><br>ORDER SUMMARILY DISMISSING CIVIL RIGHTS ACTION WITHOUT PREJUDICE |

      On July 6, 2012, David Saliano ("Plaintiff"), a prisoner in state custody proceeding pro se, submitted a letter in which he requested an extension of his deadline to file a civil rights action arising from an alleged incident of excessive force that took place on August 3, 2011.[1] Plaintiff's request is denied, and this matter is dismissed without prejudice.[2]

---

[1] This matter erroneously was opened as a state habeas corpus matter. It is clear that Plaintiff is referring to potential civil rights claims. Thus, the docket should be corrected to reflect that this is a civil rights action.

[2] The reference to the Magistrate Judge is hereby vacated.

**DISCUSSION**

"'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.'" U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 446 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 94 (1968) ("The jurisdiction of federal courts is defined and limited by Article III of the Constitution. . . . [T]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'").

Plaintiff has not filed a civil rights action arising from the alleged excessive force incident on August 3, 2011. There are no adverse parties and no concrete dispute for the Court to adjudicate. Plaintiff essentially seeks an advisory opinion regarding the potential timeliness of any federal civil rights claim that he might file in the future, which the Court lacks the authority to issue. See Calderon v. Ashmus, 523 U.S. 740, 746–748 (1998) (no justiciable question where parties seek advance ruling on statute of limitations defense).

Plaintiff is advised that if he files a federal civil rights action in the future, the action would be subject to a two year statute of limitations under Cal. Code Civ. P. § 335.1 (statute of limitations for personal injury actions), which could be tolled for a maximum of two years due to Plaintiff's incarceration under Cal. Code Civ. P. 352.1(a) (limitations period tolled for a maximum of two years if plaintiff is imprisoned on criminal charge and is serving prison term of less than life). See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (In federal civil rights actions, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").

2

**ORDER**

IT IS HEREBY ORDERED that this action be DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: September 20, 2012

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ John E. McDermott*
John E. McDermott
United States Magistrate Judge

3